IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMMITT REESE, HH-8053,  )
   Petitioner, )
                                                    )
           v. )  2:09-cv-307
                                                    )
MICHAEL C. BARONE, et al.,  )
   Respondents. )

Memorandum and Order

Mitchell, M.J.:

Emmitt Reese, and inmate at State Correctional Institution -Forest has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Reese who is presently incarcerated contends here that his continued incarceration is illegal in that the Pennsylvania Board of Probation and Parole no longer has jurisdiction over him. As more fully expounded upon, the instant petition is both time barred, and incorrect as a matter of law. In order to evaluate Reese's claim a brief summary recitation of the chronology of his incarceration is appropriate.[1]

On July 5, 1984, the petitioner was convicted of robbery, simple assault and criminal conspiracy at No. 1609 of 1984 in the Court of Common Pleas of Allegheny County, and on August 17, 1984, he was sentenced to a thirty-four month to ten year period of incarceration to be

---

[1] A complete recitation of Reese's continuous clashes with the penal system is set forth in the answer of the Commonwealth and supporting documentation.

1

followed by a five year probationary period.² The effective date of this sentence was May 17, 1987, when the petitioner completed a prior sentence he was serving.³ As a result of repeated parole violations, the petitioner was resentenced on several occasions.⁴ In particular, on January 31, 2005 he was reincarcerated as a parole violator to served a period of three months to twenty-three months effective December 6, 2003 and to be placed on probation for a period of twenty years effective January 31, 2005.⁵ He was again resentenced as a parole violator on November 5, 2007 to a period of incarceration of two and a half to five years effective April 29, 2007.⁶ The petitioner is now serving this sentence which has a minimum release date of October 29, 2009 and maximum release date of April 29, 2012.⁷ An appeal of this sentence was taken to the Superior Court and voluntarily withdrawn on January 9, 2009.⁸ The Commonwealth Court also dismissed the petitioner's habeas corpus petition on February 25, 2009, as improperly brought under its original rather than its appellate jurisdiction.⁹

---

² See: Exhibits 1, 2 and 3 to the answer.

³ See: Exhibits 5 and 6 to the answer.

⁴ See: Exhibits 9 and 14- 116 to the answer. See especially, Exhibit 98, which is the March 30, 2001 Opinion of the Superior Court in which it is noted that when a parolee is recommitted as a convicted parole violator he is required to serve the remainder of his unexpired prison term without credit for time spent on parole. As a result, the Superior Court concluded that the petitioner's October 30, 1998 sentence date was properly extended. The Pennsylvania Supreme Court denied further review on November 20, 2001 (See: Exhibit 99 to the answer)

⁵ See: Exhibit 10 to the answer.

⁶ See: Exhibit 11 to the answer.

⁷ See: Exhibit 12 to the answer.

⁸ See: Exhibit 144 to the answer.

⁹ See: Exhibit 152 to the answer.

In his petition filed here, Reese contends that:

the legal Court ordered maximum sentence imposed on July 15, 1984 of <u>34 months to 10 years</u>. With 5 years probation to begin the day after his (10) year maximum sentence was served in full. Which was effective on May 17, 1987 making his legal Court ordered maximum pursuant to 42 Pa.C.S. § 5505, May 17, 1997 as a matter of law... It is well settled that the Parole board cannot extend maximum sentence for technical parole violation... The board had no authority to extend defendant's maximum sentence to October 30, 1998. Which is the direct cause of defendant's present illegal confinement ... When defendant was arrested on September 28, 1998, he was by law legally maxed out on May 17, 1997. So on September 28, 1998, the Parole board had no jurisdiction to extend his (10) year maximum. On June 17, 1999 his (10 to 20 month sentence) began after he served the (5) years probation which started again by Pa. Law on the day of his new arrest, September 28, 1998. Making the max date of that (5) year September 28, 2003. The time credit goes towards his new sentence of 10 to 20 months which started on September 29, 2003. 20 months from that date is May of 2005. So by law the appellant is 3 years and 8 months past his legal court ordered maximum sentence(s).[10]

That is, the petitioner here contends that as a result of the actions of the Parole Board, the maximum of his original sentence has been illegally extended.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973);

---

[10] See: Exhibit A to the petition at pp.1-2.

Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the Commonwealth notes that petitioner has been before the Superior Court only at docket No. 2197 WDA 2007[11] and before the Commonwealth Court on at least five occasions.[12] The petitioner withdrew his appeal of this sentence and for this reason, has failed to exhaust the state court remedies which were available to him. However, we can disregard the exhaustion issue since where, as here, the petition is meritless, the petition can be directly addressed on the merits. Rhines v. Weber, 544 U.S. 269 (2005).

Additionally, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could

---

[11] See: Exhibit 151 to the answer.

[12] See: Exhibits 153, 154, 155, 156, 157 and 158 to the answer.

5

have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner argues here that he should have been released from custody in May of 2005, or four years ago. Since this matter was not brought before the appropriate appellate courts for their consideration in the first instance, it is clearly time barred here.

Finally, even if the petitioner could proceed here his petition is without merit and subject to dismissal.

Under Pennsylvania law, a parolee who is convicted of committing a crime while on parole forfeits all credit received against his sentence for time when he was not actually incarcerated. 61 P.S. 331.21a. In this regard, the Commonwealth, with record supports, has reconstructed the tortured chronology of the petitioner's incarceration.

As noted above, the petitioner was originally sentenced on August 17, 1984, to a thirty-four month to ten year period of incarceration. However, at the time of sentencing he was serving a parole violation sentence on other charges which expired on May 17, 1987, and for this reason, the instant sentence of thirty-four months to ten years became effective on that date with a minimum expiration date of March 17, 1990 and a maximum date of May 17, 1997.[13] As a result of offenses committed while on parole from this sentence, his release date was recalculated to January 25, 2003 at which time he commenced a five year period of probation imposed on August 17, 1984[14] which had a expiration date of January 25, 2008. While on probation, on

---

[13] See: Exhibit 7 to the answer.

[14] See: Exhibit 3 to the answer.

January 31 2005, he was sentenced to a period of incarceration of three to twenty-three months effective December 6, 2003 for a probation violation to be followed by a twenty year period of probation effective on January 31, 2005, the date of sentencing.[15]

Unfortunately, while on probation, the petitioner was again convicted of a probation violation and on November 5, 2007 sentenced to a two and a half to five year period of incarceration effective April 29, 2007, thus his minimum release date became October 29, 2009 and his maximum date of release became April 29, 2012.[16] Due to his own repeated wilful misconduct while on probation/parole, the petitioner has still not completed the sentence of a thirty-four month to ten year period of incarceration to be followed by a five year probationary period imposed on August 17, 1984.

In its March 30, 2001 Opinion, the Superior Court reviewed the complex penal history of the petitioner and concluded that "it is clear that Reese would not be entitled to credit for time spent on parole after June 16, 1997, and that his maximum sentence date of October 30, 1998 would be extended."[17] Since this conclusion was based on an interpretation of applicable state law, it is binding upon a federal habeas court. Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997). Accordingly, as a matter of law, the petitioner is wrong, and his continued incarceration is valid under applicable state law and is not in violation of any matters of federal constitutional proportion. For this reason the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[15] See: Exhibit 10 to the answer.

[16] See: Exhibits 11 and 12 to the answer.

[17] See: Exhibit 98 at p.14.

ORDER

AND NOW, this 9th day of May, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Emmitt Reese for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is be denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge